# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA GARRETT ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| PENN CREDIT CORPORATION ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Sandra Garrett, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Sandra Garrett, (hereinafter "Plaintiff"), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as relief against Invasion of Privacy by Intrusion upon Seclusion.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Sandra Garrett, (hereafter, Plaintiff) is an adult natural person residing at 2025 6th Street North, Texas City, Texas 77590. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Penn Credit Corporation (hereafter, Defendant) at all times relevant hereto, is and was a corporation, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas, with a principal place of business located at 916 S. 14th Street, Harrisburg, PA 17104.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Within the last twelve (12) months, Plaintiff has been receiving constant and continuous calls from Defendant attempting to collect on an alleged debt said to be owed to Publisher's Clearing House.

8. Plaintiff is said to owe a balance of $52.00 for an unpaid magazine subscription.

9. Since the initial call, Plaintiff has informed the Defendant that at no time has she ever purchased anything through Publisher's Clearing House.

10. Despite Plaintiff's continued dispute of this alleged debt, the Defendant continues to call the Plaintiff's home number multiple times each day demanding payment.

11. On more than one occasion, the Plaintiff has requested the Defendant's mailing address in order to send a cease and desist letter, but is always told "no" and the information is not provided.

12. Plaintiff states that the calls come in one after the other, and are a combination of live and automated calls.

13. On at least one occasion, the Defendant placed a call to the Plaintiff after 9:00 PM.

14. On a recent call, the Plaintiff was warned that if she failed to make payment in full immediately, that the Defendant could bring criminal charges against her for non-payment.

15. Defendant further warned that lack of payment would force them to turn the Plaintiff's file over to "the legal realm".

16. To date, the Plaintiff has received nothing in writing in regards to this alleged debt from the Defendant.

17. Defendant has also failed to inform the Plaintiff of her rights to dispute this alleged debt.

18. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(2): Character, amount, or legal status of the alleged debt

§§ 1692e(5): Threaten to take any action that cannot legally be taken or that is not intended to be taken

§§ 1692e(7): Consumer committed any crime or other conduct in order to disgrace the consumer

§§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692g: Failure to send 30 day validation notice within 5 days of the initial communication

§§ 1692g(a)(3): Must state the right to dispute the debt within 30 days

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Penn Credit Corporation, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. The above paragraphs are hereby incorporated herein by reference.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Texas recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Texas state law.

29. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

30. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a

substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

33. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

    b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

    c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: July 30, 2014**     BY:   *Brent F. Vullings, Esquire*
                                   Brent F. Vullings, Esquire
                                   Vullings Law Group, LLC
                                   3953 Ridge Pike
                                   Suite 102
                                   Collegeville, PA  19426
                                   610-489-6060
                                   610-489-1997 fax
                                   bvullings@vullingslaw.com
                                   Attorney for the Plaintiff